IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| STEVEN MOSELEY, | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Action No. RDB-18-1292 |
| COLONEL WILLIAM PALLOZZI, *et al.*, | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM OPINION**

*Pro se* Plaintiff Steven Moseley ("Plaintiff" or "Moseley") brings this action seeking to enjoin the United States of America, the Maryland State Police, and the Maryland Department of Human Resources from subjecting him to investigation, surveillance, and harassment. On March 27, 2017, this Court dismissed Moseley's prior efforts to obtain such relief because of his failure to properly summon the named Defendants. (Case No. ELH-17-0328, ECF No. 5.) Plaintiff's current lawsuit names the Maryland State Police, Colonel William Pallozzi, the Maryland Department of Human Resources, Secretary Lourdes R. Padilla, and former United States Attorney General Jeff Sessions as Defendants.

The United States of America, on behalf of former United States Attorney General Jeff Sessions, has filed a Motion to Dismiss (ECF No. 10). The Maryland Department of Human Services[1] and the Maryland State Police (together, the "State Defendants") have also filed a

---

[1] In July 2017, the Maryland Department of Human Resources was retitled the Maryland Department of Human Services. (ECF No. 14-1, at 1 n.1.)

1

Motion to Dismiss (ECF No. 14). Having reviewed the motions, no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2018). For the reasons set forth below, the United States' Motion to Dismiss (ECF No. 10) is GRANTED and the State Defendants' Motion to Dismiss (ECF No. 14) is GRANTED. This case shall be DISMISSED as to all Defendants.

## BACKGROUND

In ruling on a motion to dismiss, this Court "accept[s] as true all well-pleaded facts in a complaint and construe[s] them in the light most favorable to the plaintiff." *Wikimedia Found. V. Nat' Sec. Agency*, 857 F.3d 193, 208 (4th Cir. 2017) (citing *SD3, LLC v. Black & Decker (U.S.) Inc.*, 801 F.3d 412, 422 (4th Cir. 2015)). As a *pro se* Plaintiff, this Court has "liberally construed" Moseley's pleadings and held them to "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Alley v. Yadkin County Sheriff Dept.*, No. 17-1249, 698 F. App'x 141, 2017 WL 4415771 (4th Cir. Oct. 5, 2017). Additionally, this Court takes proper judicial notice of "docket entries, pleadings and papers in other cases" in reciting the background of this case. *Brown v. Ocwen Loan Servicing, LLC*, PJM-14-3454, 2015 WL 5008763, at *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x 200 (4th Cir. 2016).

This is not Moseley's first lawsuit alleging unlawful acts by the United States, the Maryland State Police, and the Maryland Department of Human Resources. On February 3, 2017, he commenced a lawsuit in this Court against the same Defendants, alleging acts of "cyber terrorism and terrorist acts conducted by contracted actors." (ELH-17-0328, ECF No. 1.) After failing to provide summons for the named Defendants, this Court dismissed Moseley's Complaint without prejudice and subsequently denied his Motion to Reopen the case. (ECF Nos. 4, 8.)

In this action, Moseley states that he "believes he was some how falsely labeled, and came under investigation (under fabricated pretenses) . . . since November 2010 for unknown reasons." (ECF No. 1, at ¶ 7.) He alleges that Defendants have committed "covert acts of cyber terrorism," subjected him to home invasions, placed him under 24/7 surveillance, and used "contracted actors" to harass him. (*Id.* at ¶ 20.) Because of these acts, Moseley claims that he has been unable to maintain employment. (*Id.* at ¶ 21.) The Complaint attaches an April 17, 2012 Cease and Desist Letter directed to the Maryland State Police, Office of the Superintendent, which asks the Police to restore his internet access on all platforms. (ECF No. 1-2.) Moseley brings several legal claims[2] and petitions this Court to enter a Preliminary Injunction, a Show Cause Order, and a Declaratory Judgment. He does not seek monetary damages.

On July 17, 2018, the United States filed a Motion to Dismiss Moseley's claims (ECF No. 10). On August 16, 2018, the State Defendants filed their Motion to Dismiss (ECF No. 14.) Despite receiving correspondence from the Clerk of Court warning that his lawsuit might be subject to dismissal, Moseley has not responded to the Motions. (ECF Nos. 11, 15.)

## STANDARD OF REVIEW

As a general matter, when a litigant proceeds *pro se*, their filings should be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted).

---

[2] Moseley references, *inter alia*, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution; 18 USC § 241; 18 USC § 242; the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 USC § 1961, *et seq.*; 42 USC § 1983; 42 USC § 1985; 42 USC § 1986; 50 USC § 1806; and a "malicious abuse of process" claim.

3

I. **Motion to Dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1).**

A court grants a motion to dismiss for lack of subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) "where a claim fails to allege facts upon which the court may base jurisdiction." *Davis v. Thompson*, 367 F. Supp. 2d 792, 799 (D. Md. 2005). "When a Rule 12(b)(1) motion challenge is raised to the factual basis for subject matter jurisdiction, the burden of proving subject matter jurisdiction is on the plaintiff." *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991), citing *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982). In evaluating a challenge to the court's subject-matter jurisdiction, the district court is permitted to "consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Richmond*, 945 F.2d at 1219.

II. **Motion to Dismiss for Insufficient Service of Process under Rule 12(b)(5).**

A motion to dismiss for insufficient service of process is permitted by Federal Rule 12(b)(5). "Once service has been contested, the plaintiff bears the burden of establishing the validity of service pursuant to Rule 4." *Parker v. Am. Brokers Conduit*, 179 F. Supp. 3d 509, 515 (D. Md. 2016) (citing *O'Meara v. Waters*, 464 F. Supp. 2d 474, 476 (D. Md. 2006)). While in some cases the failure to strictly comply with Rule 4 may not invalidate service of process if the defendant acquires actual notice of the pending action, the plain requirements for effecting service of process may not be ignored. *Armco, Inc. v. Penrod–Stauffer Bldg. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir. 1984); *Aryes v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d 249, 260 (D. Md. 2015).

III. **Motion to Dismiss for Failure to State a claim under Rule 12(b)(6).**

"To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In applying this standard, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation," and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" and "are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 678-79.

In considering a motion under Rule 12(b)(6), a district court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *accord Philips v. Pitt Cty. Mem'l Hosp.*, 572 F.3d 176, 180 (4th Cir. 2009) (citation omitted). A court may take judicial notice of "docket entries, pleadings and papers in other cases," *Brown v. Ocwen Loan Servicing, LLC*, PJM–14–3454, 2015 WL 5008763, *1 n.3 (D. Md. Aug. 20, 2015), *aff'd*, 639 F. App'x. 200 (4th Cir. May 6, 2016); *see also Colonial Penn Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" (quoting 21 C. Wright & K. Graham, *Federal Practice and Procedure: Evidence* § 5106 at 505 (1977))).

## DISCUSSION

### I.   All Claims Against the United States Must be Dismissed.

The United States contends that sovereign immunity bars this action and, alternatively, that Moseley's allegations fail to state a claim of any kind. The United States and its agencies may not be sued absent a waiver of sovereign immunity. *FDIC v. Meyer*, 510 U.S. 471, 475, 114

S. Ct. 996 (1994). Sovereign immunity is a jurisdictional bar to suit; absent waiver, this Court lacks jurisdiction to entertain claims against the United States. *Id.* at 475, 114 S. Ct. 996. Because the Complaint contains only one vague factual allegation against the United States, it fails to establish that any waiver of sovereign immunity applies and, more generally, fails to state a claim of any kind.

### A. The Complaint is construed as suing former Attorney General Jeff Sessions in his official capacity.

The Complaint names "United States Attorney General Jeff Sessions, U.S. Department of Justice," and appears to seek injunctive relief against Sessions in his former official capacity as the United States Attorney General. Accordingly, the following analysis applies equally whether Moseley intended to sue the United States, the Department of Justice, or Jeff Sessions. *Kentucky v. Garahm*, 473 U.S. 159, 165-66 (1985) ("[A]n official capacity suit is, in all respects other than name, to be treated as a suit against the entity.").

### B. Moseley has failed to establish that the APA's waiver of sovereign immunity applies in this case.

Among a host of frivolous claims, the Complaint dedicates considerable space to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702. (ECF No. 1, at ¶¶ 33-43.) In limited circumstances, the APA waives the federal government's sovereign immunity and permits "a person suffering legal wrong because of agency action" to obtain relief "other than money damages." 5 U.S.C. § 702; *City of New York v. United States Dep't of Defense*, --- F.3d ---, 2019 WL 208080, at *4 (4th Cir. Jan. 16, 2019). Only challenges to "circumscribed" and "discrete" agency actions are fit for judicial review. *City of New York*, 2019 WL 208080, at *4 (quoting *Norton v. Southern Utah Wilderness Alliance (SUWA)*, 542 U.S. 55, 62, 124 S. Ct. 2373 (2004).

6

Accordingly, this Court lacks jurisdiction to entertain "broad programmatic attack[s]" on the federal government's operations. *City of New York*, 2019 WL 208080, at *4 (citing *Norton*, 242 at 62, 125 S. Ct. 2373.)

In this case, Moseley has not adequately identified an agency action which would permit him to file suit under the APA. The Complaint does not even identify a particular federal agency, but rather refers to the United States and "all other agencies and surveillance groups of the United States Department of Justice." (ECF No. 1, at ¶ 32.) Moreover, the only allegation against the United States is that it "provides database information, assistance with investigations, and information on all [A]merican citizens." (*Id.*) Aside from this sweeping assertion, the Complaint does not complain of any specific actions taken by the United States. Accordingly, Plaintiff has failed to allege that the APA's waiver of sovereign immunity applies in his case.

### C. Moseley has failed to adequately plead any other claim against the United States.

In addition to claims brought pursuant to the APA, the *pro se* Complaint invokes several statutes and constitutional provisions. Moseley has failed to adequately plead a claim of any type under these authorities. Rather than identify any concrete wrongs committed by the United States, Moseley has generally alleged that the Government and its agencies store information concerning American citizens and assist with unspecified investigations. (ECF No. 1, at ¶ 32.) Although the Complaint lists a host of disturbing conduct, including federal harassment by hired hands, it does not indicate how, if at all, the United States government has coordinated these activities. Moreover, while Moseley requests the removal of his information from "all databases," the Complaint does not specify what information he

7

believes the Government is unlawfully maintaining or articulate why the Government is required to dispose of this information. Accordingly, Moseley's claims must be dismissed.

## II. All Claims against the State Defendants Must be Dismissed.

All claims against the State Defendants must be dismissed both because Moseley failed to properly serve the State Defendants and because Moseley's Complaint does not contain sufficient factual allegations to make out a plausible claim for relief.

### A. The Complaint is construed as suing Colonel William Pallozzi and Secretary Lourdes R. Padilla in their official capacities.

Although the Complaint names Colonel William Pallozzi and Secretary Lourdes R. Padilla, it does not purport to sue these Defendants in their individual capacities. Aside from naming Pallozzi and Padilla in the case caption, the Complaint does not reference these two individuals or allege that they personally engaged in any misconduct. Accordingly, this Court will construe Moseley's Complaint as filing suit against Pallozzi and Padilla in their official capacities. As such, the following analysis applies equally to Pallozzi, Padilla, and the agencies they represent. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71, 109 S. Ct. 2304 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office.").

### B. Moseley failed to properly serve the State Defendants.

The State Defendants identify several deficiencies in Moseley's attempted service of process. First, they contend that Moseley's service was defective because he personally served Defendants rather than using a non-party process server. Under both Federal Rule of Civil Procedure 4(c) and Maryland Rule 2-123(a), a non-party must effectuate service upon a defendant. It appears that Moseley did not follow these rules. On the Return of Service forms

8

supplied to this Court, the name "Steven Moseley" appears printed above the space provided for the process server. (ECF Nos. 9, 9-1.) Accordingly, it appears that Moseley himself attempted to serve the Defendants rather than enlisting a third-party as the rules require. Moseley has not filed any Response to contest this assertion. For this reason alone, this Court must dismiss Moseley's claims against the State Defendants.

The State Defendants additionally maintain that Moseley failed to adhere to the special service of process rules which apply to state agencies. Pursuant to Federal Rule of Civil Procedure 4(j)(2), plaintiffs must serve a state or local government by either:

(A) delivering a copy of the summons and of the complaint to its chief executive officer; or

(B) serving a copy of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant.

Moseley failed to adhere to the first method of service by serving a proposed Amended Complaint, rather than the operative Complaint. The affidavits of Phillip Pickus of the Maryland State Police and Kelly James of the Maryland Department of Human Services reveal that their offices received a copy of a proposed Amended Complaint, rather than the operative Complaint. (ECF Nos. 14-2, 14-3.) This Court rejected the Amended Complaint to which these affidavits refer by Order dated May 18, 2018. (ECF No. 5.) Moseley has not filed any Response to contest the Defendants' representations.

Nor has Moseley properly served the State Defendants in "the manner prescribed by [Maryland] law." Fed. R. Civ. P. 4(j)(2)(B). Maryland law requires a plaintiff suing a state agency to provide service of process to the Maryland Attorney General or "the resident agent designated by the officer or agency" of the agencies involved. Md. Rules 2-124(j) and (k). It

9

is undisputed that Moseley has not served the Maryland Attorney General, as this Court's records reflect. (ECF Nos. 9, 9-1.) Instead, Moseley attempted to serve William Pallozzi, the head of the Maryland State Police, and Lourdes Padilla, the head of the Department of Human Services, neither of whom are the resident agent of their respective agencies. (*Id.*)

In letters dated June 18th and 20th, the State Defendants informed Moseley that they had not been served with the summons or complaint and directed him to statutory guidance. (ECF Nos. 6-7.) Even with this assistance, Moseley did not properly serve the Defendants. Considering the many errors vexing Moseley's attempted service, and his complete failure to respond to the State Defendants' Motion to Dismiss, dismissal is warranted pursuant to Rule 12(b)(5).[3]

### C. Moseley has failed to state a claim against the State Defendants.

To say the least, Moseley's Complaint does not contain well-pled facts which support a plausible claim for relief. *Bell Atlantic Corp.*, 550 U.S. at 570. Rather, Moseley's Complaint contains a smattering of unusual allegations concerning "domestic terrorism," "contracted actors" and "technology." (ECF No. 1, at ¶ 24.) Although the Complaint indicates that Moseley has been subject to "24/7 surveillance" since November 2010, it does not allege any specific acts of surveillance to elucidate his claims. The bulk of the Complaint merely lists statutory and constitutional provisions and demands various forms of redress. Accordingly, dismissal is appropriate pursuant to Rule 12(b)(6).[4]

---

[3] Defendants have pointed to several other deficiencies in Moseley's attempts to effectuate service of process. Because this Court finds that dismissal is warranted on the grounds discussed *supra*, it does not address these arguments.
[4] Because this Court finds that Moseley has failed to state a claim of any kind, it need not address the State Defendants' related contention that Moseley's claims are untimely.

## CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss (ECF No. 10) is GRANTED and State Defendant's Motion to Dismiss (ECF No. 14) is GRANTED. This action shall be DISMISSED as to all Defendants, and the Clerk of this Court shall CLOSE this case. A separate Order follows.

Date: February 1, 2019

_/s/ Richard D. Bennett_
Richard D. Bennett
United States District Judge